IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE CLAUSELL, on behalf of himself and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BYERS INDUSTRIAL SERVICES, LLC<br><br>Defendant. | CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Civil Action No.: |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jose Clausell ("Plaintiff Clausell"), by and through his undersigned counsel, on behalf of himself and all persons similarly situated,[1] hereby files this Class and Collective Action Complaint against Byers Industrial Services LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Delaware Prevailing Wage Act, 29 Del. C. § 6960, *et seq*. ("DE PWA").

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff Clausell's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Supplemental jurisdiction over related state law claims is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this District.

---

[1] All allegations herein with respect to Plaintiff Clausell are made based upon his own personal knowledge and allegations with respect to others are made upon information and belief.

1

## PARTIES

4. Defendant is a foreign limited liability company that is registered with the New Jersey Department of Treasury, Division of Revenue and Enterprise Services, under entity identification number 0450767894.

5. Defendant's headquarters are located at 1100 Grant Avenue, Franklinville, New Jersey.

6. Plaintiff Clausell is an individual currently residing in New Castle, Delaware.

7. Pursuant to 29 U.S.C. § 216(b), Plaintiff Clausell has consented in writing to being a plaintiff in this action. See Exhibit A, Consent Form of Jose Clausell.

8. Defendant employs individuals in the various construction trades and is engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9. Defendant's annual gross volume of business exceeds $500,000.00.

## CLASS AND COLLECTIVE DEFINITIONS

10. Plaintiff Clausell brings Count I this lawsuit as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of himself and the following class of potential opt-in litigants:

> All current or former individuals who were employed by Defendant and worked on public works projects in the United States during at least one workweek in which they worked more than forty (40) hours in total for Defendant (the "FLSA Collective")

11. Plaintiff brings Count II of this lawsuit pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and the following class:

> All current or former individuals who were employed by Defendant and worked on public works projects in the State of Delaware during the last two years (the "DE Prevailing Wage Class").

12. Defendant employs numerous individuals who constitute the FLSA Collective.

13. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

14. The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's business and human resource records.

15. Plaintiff Clausell reserves the right to redefine the DE Prevailing Wage Class and/or the FLSA Collective and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

16. Plaintiff alternately brings Count II of this lawsuit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367 on behalf of those FLSA Collective Members who worked on Delaware public works projects and elect to join this case as opt-in plaintiffs.  See, e.g., O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 580 (6th Cir. 2009), *rev'd on other grounds*, 577 U.S. 153 (2016) ("[I]f a FLSA lead plaintiff also brings supplemental state claims and then seeks certification as a collective action, a district court evaluates whether the opt-in plaintiffs are "similarly situated" under 29 U.S.C. § 216(b)."); Ramirez-Marin v. JD Classic Builders Corp., No. 16-CV-05584 (DLI) (RER), 2017 U.S. Dist. LEXIS 86891, at *14-15 (E.D.N.Y. June 5, 2017) (same).The FLSA Collective Members and the DE Prevailing Wage Class are collectively referred to herein as the "Classes."

**OVERTIME UNDER THE FLSA**

17. An employee's "regular rate is a readily definable mathematical calculation that is explicitly controlled by the FLSA." Jones v. Does, 857 F.3d 508, 514 (3d Cir. 2017).

18. "The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

19. "Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs." 29 C.F.R. § 778.115.

## PREVAILING WAGES

20. The DE PWA provides that prevailing wages shall be paid for public works projects in excess of $500,000.00 for new construction and in excess of $45,000.00 for alternations, repair, renovation, rehabilitation, demolition or reconstructions to which the State of Delaware is a party. 29 Del. C. § 6960(a).

21. The employer must pay all mechanics and laborers the prevailing wage for work done upon the site of public works project. 29 Del. C. § 6960(b).

22. The Delaware Department of Labor, Division of Industrial Affairs shall determine the minimum wages to be paid to various classes of laborers and mechanics in the county in which the work is to be performed. 29 Del. C. § 6960(a).

23. "Any laborer or mechanic employed by any employer…who is paid in a sum less than the prevailing wage rates" for work on a public works project has a private right of action to recover "treble the difference between the amount so paid and the prevailing wage rate." 29 Del. C. § 6960(f).

24. Employers of employees engaged in work on public works projects are required to furnish weekly payroll reports to the Department of Labor. 29 Del. C. § 6960(c).

## STATEMENT OF FACTS

25. Plaintiff Clausell was previously employed by Defendant as a laborer and cement finisher from approximately March 14, 2000 to January 5, 2024.

26. As described herein, Defendant willfully failed to pay Plaintiff Clausell and the FLSA Collective Members the correct rate of overtime compensation for hours worked over forty (40) in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

27. Defendant willfully failed to pay Plaintiff Clausell and the DE Prevailing Wage Class the correct prevailing wages, as required by Delaware's prevailing wage statute, 29 Del. C. § 6960 *et seq.*, on publicly funded construction, reconstruction, alteration, rehabilitation and/or repair projects.

28. Defendant provides skilled labor in various construction trades for public works projects (including those subject to the DE PWA and other state prevailing wage laws) as well as for private projects.

29. At all times relevant to this action, Plaintiff Clausell and the Classes worked for Defendant on various public works projects throughout the State of Delaware.

30. Plaintiff Clausell worked as a laborer and as a cement finisher on various public works projects, including in Delaware.

31. Plaintiff Clausell typically arrived at Defendant's construction yard located in New Castle, Delaware at 6:00am to gather materials necessary for the days' work.

32. Plaintiff Clausell and other workers employed by Defendant would travel from the construction yard to the Delaware public works project job site.

33. Plaintiff Clausell and the Classes reported their time to Defendant's onsite supervisor at the worksite.

### *Defendant Intentionally Underreported and Underpaid for the Time Spent on the Site of Prevailing Wage Projects*

34. Defendant paid Plaintiff Clausell and the Classes on a weekly basis.

35. Defendant allocated Plaintiff Clausell and the Classes' weekly working hours into various wage categories listed on their pay-stubs.

36. The work categories contained on the pay-stubs included, but were not limited to "cement finisher," "laborer," and "shop."

37. Hours assigned to the "shop" category reflected the hours which were not designated by Defendant as prevailing wage work.

38. On the pay-stubs, Defendant allocated Plaintiff Clausell's travel time from the construction yard to the job site (and back) to the "shop" category.

39. Plaintiff Clausell's rate of pay for the time that Defendant allocated to the "shop" category was $10.50 per hour.

40. On a weekly basis, a small portion of Plaintiff Clausell's time was spent driving to and from public works projects and a significant, larger share of his time was spent working at the job

site of public works projects.

41. Defendant allocated more hours to the lower paying "shop" category than were actually worked by Plaintiff Clausell.

42. Defendant allocated fewer hours to the higher paying "cement finisher" and "laborer," categories than were actually worked by Plaintiff Clausell.

43. On a weekly basis, Defendant allocated approximately four (4) additional hours to the "shop" category at the expense of hours that should have been allocated to prevailing wage work (at a much high pay rate) where Plaintiff Clausell actually worked on the site of a Delaware public works project, thereby reducing Plaintiff Clausell's weekly compensation.

44. Plaintiff Clausell worked more hours performing work on public work projects than Defendant reflected on Plaintiff Clausell's paystubs; by doing so, Defendant failed to compensate Plaintiff Clausell at the prevailing wage that he should have been paid.

### *Defendant Failed to Properly the Calculate Overtime Premium*

45. Plaintiff Clausell and the Class routinely worked in excess of forty (40) hours per week.

46. Defendant routinely failed to pay Plaintiff Clausell and the Class the correct overtime premium for each hour that they worked in excess of forty (40) per week.

47. An employee's regular hourly rate would be determined by taking his total earnings (i.e., his total compensation during the workweek from all such rates) and dividing that number by the total number of hours worked at all jobs that he worked that week. See 29 C.F.R. § 778.115.

*Example 1*

48. For the pay-period beginning on April 10, 2023 and ending on April 16, 2023, Plaintiff Clausell worked 46 hours for the week. Defendant allocated thirty-one (31) of those hours to

prevailing wage work, where Plaintiff Clausell was compensated at a rate of $38.50 per hour. Fifteen (15) hours were allocated to the "shop" category, where his hourly rate was $10.50; thirty-one (31) hours were allocated to prevailing wage work, where the rate was $38.58. Defendant compensated Plaintiff in the total gross amount of $1,384.98 for the week.

| Earnings | rate | hours | this period |
|---|---|---|---|
| Prevail Wage | 38.5800 | 31.00 | 1,195.98 |
| Shop | 10.5000 | 9.00 | 94.50 |
| Shop | 15.7500 | 6.00 | 94.50 |
| Regular | | | |
| Overtime | | | |
| Holiday | | | |
| Night Overtime | | | |
| Prevail OT | | | |
| Vacation Ho | | | |
| Gross Pay | | | $1,384.98 |

49. In this example, Plaintiff Clausell's regular hourly rate would correctly be determined by taking the total remuneration that he received for that week's work ($1,384.98) and dividing by the number of hours that he worked during that week (46 hours), equaling $30.11 ($1,384.98 /46).

50. The time and a half overtime premium equals Plaintiff Clausell's regular hourly rate of $30.11 plus one half of that amount, $15.06, totaling $45.17 per hour.

51. The 6 hours that Plaintiff Clausell worked in excess of 40 during that week would be multiplied by $15.06 (which is the 0.5 times his regular hourly rate of $30.11) to equal an additional $90.36 in compensation that Defendant failed to pay Plaintiff Clausell.

52. For the 6 hours of overtime, Defendant paid 6 of those hours at 1.5 times the $10.50 hourly rate instead of using a weighted average; this resulted in Defendant undercompensating Plaintiff by $90.36 for the week.

*Example 2*

53. For the pay-period beginning on March 6, 2023 and ending on March 12, 2023, Plaintiff Clausell worked 49 hours for the week. Fifteen hours were allocated to the "shop" category, where his hourly rate was $10.50; thirty-four hours were allocated to prevailing wage

8

work, where the rate was $38.58. Defendant compensated Plaintiff in the total gross amount of $1,575.38.

| Earnings | rate | hours | this period |
|---|---|---|---|
| Prevail OT | 60.6600 | 3.50 | 212.31 |
| Prevail Wage | 38.5800 | 30.50 | 1,176.69 |
| Shop | 10.5000 | 9.50 | 99.75 |
| Shop | 15.7500 | 5.50 | 86.63 |
| Regular | | | |
| Overtime | | | |
| Holiday | | | |
| Night Overtime | | | |
| Vacation Ho | | | |
| Gross Pay | | | $1,575.38 |

54. In this example, Plaintiff Clausell's regular hourly rate would correctly be determined by taking the total remuneration that he received for that week's work ($1,575.38.) and dividing by the number of hours that he worked during that week (49 hours), equaling $32.15.

55. The time and a half overtime premium would equal Plaintiff Clausell's regular hourly rate of $32.15 plus one half of that amount, $16.08; totaling $48.23 per hour.

56. The 9 hours that Plaintiff Clausell worked in excess of 40 during that week should be multiplied by $16.08 to equal an additional $144.72 in compensation that Defendant failed to pay Plaintiff Clausell.

57. For the 9 hours of overtime, Defendant paid 5.5 of those hours at 1.5 times the $10.50 hourly rate and 3.5 of those hours at 1.5 times the $38.58 hourly rate instead of using a weighted average; this resulted in Defendant undercompensating Plaintiff by $144.72 for the week.

*Example 3*

58. For the pay-period beginning on March 27, 2023 and ending on April 2, 2023, Plaintiff Clausell worked 47.5 hours for the week. Fifteen hours were allocated to the "shop" category, where his base rate of pay was $10.50 per hour; thirty-two and a half hours were allocated to prevailing wage work, where the base rate was $38.58 per hour. Plaintiff's gross pay for the week

9

was $1,475.97.

| Earnings | rate | hours | this period |
|---|---|---|---|
| Prevail OT | 60.6600 | 1.50 | 90.99 |
| Prevail Wage | 38.5800 | 31.00 | 1,195.98 |
| Shop | 10.5000 | 9.00 | 94.50 |
| Shop | 15.7500 | 6.00 | 94.50 |
| Regular | | | |
| Overtime | | | |
| Holiday | | | |
| Night Overtime | | | |
| Vacation Ho | | | |
| **Gross Pay** | | | **$1,475.97** |

59. In this example, Plaintiff Clausell's regular hourly rate would correctly be determined by taking the total remuneration that he received for that week's work ($1,475.97) and dividing by the number of hours that he worked during that week (47.5 hours), equaling $31.07.

60. The time and a half overtime premium would equal Plaintiff Clausell's regular hourly rate of $31.07 plus one half of that amount, $15.53; totaling $46.61 per hour.

61. The 7.5 hours that Plaintiff Clausell worked in excess of 40 during that week would be multiplied by $15.53 to equal an additional $116.48 in compensation that Defendant failed to pay Plaintiff Clausell.

62. For the 7.5 hours of overtime, Defendant paid 6 of those hours at 1.5 times the $10.50 hourly rate and 1.5 of those hours at 1.5 times the $38.58 hourly rate instead of using a weighted average; this resulted in Defendant undercompensating Plaintiff by $116.48 for the week.

63. In the aforementioned examples, Defendant failed to weigh the multiple wage rates and thus failed to calculate the correct regular (weighted) hourly rate for purposes of paying overtime wages. See, e.g., 29 C.F.R. § 778.115.

***Defendant's Misallocation of the Time Spent Working on Prevailing Wage Work Resulted in a Lower Regular Hourly Rate***

64. Defendant underpaid Plaintiff Clausell by over-allocating his working hours to non-prevailing wage categories (e.g., the "shop" rate) when he in fact spent more time performing

prevailing wage work (i.e., his working time on the site of the public work) than was reflected on his weekly paycheck.

65. By allocating more of Plaintiff Clausell's working hours into the "shop" category, which were paid at a rate of $10.50 per hour, instead of the higher paying prevailing wage that he should have been paid, Defendant lowered Plaintiff's Clausell's regular hourly rate for purposes of overtime compensation.

66. The failure of Defendant to pay for all prevailing wage time at the correct prevailing wage rate also further increases Defendant's liability under the FLSA for overtime gap time hours and for overtime hours. See, e.g., Amaya v. Power Design, Inc., 833 F.3d 440, 441 (4th Cir. 2016); 29 CFR § 778.315.

## WILLFULNESS

67. On at least one occasion, Defendant was cited by the Delaware Department of Labor for failing to pay its employees the proper prevailing wage.

68. Defendant has paid fines to resolve allegations raised by the Delaware Department of Labor for failing to pay its employees the proper prevailing wage.

69. Defendant has willfully disregarded the complaints made by the Delaware Department of Labor and/or its employees, and has repeatedly engaged in violations of the Delaware prevailing wage law.

70. Defendant knew or should have known how to properly calculate the correct overtime premiums owed to Plaintiff Clausell, the FLSA Collective and the DE Prevailing Wage Class.

71. Defendant operates a sophisticated national business with access to knowledgeable human resource specialists and competent labor and employment counsel.

72. Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to pay Plaintiff Clausell and the FLSA Collective at the proper overtime rate for the overtime wages, as mandated by 29 U.S.C. § 207.

## COLLECTIVE ACTION ALLEGATIONS

73. Plaintiff Clausell brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective.

74. Plaintiff Clausell desires to pursue his claims on behalf of himself and any individual who opts into this action pursuant to 29 U.S.C. § 216(b).

75. Plaintiff Clausell and the FLSA Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, inter alia, all such individuals were not paid an overtime premium for each hour worked over 40 hours in a workweek.

76. Plaintiff Clausell and the FLSA Collective are "similarly situated" within the meaning of 29 U.S.C. § 216(b) because, inter alia, Plaintiff Clausell and the FLSA Collective all performed work for Defendant on public works projects that were subject to the prevailing wages and were not paid the proper prevailing wages for such work.

77. Resolution of this action requires inquiry into common facts, including but not limited to, Defendant's compensation, timekeeping, and payroll practices.

78. Specifically, Defendant failed to pay Plaintiff Clausell and the FLSA Collective the correct overtime compensation required by the FLSA for each hour worked over 40 in a workweek, and also failed to pay Plaintiff Clausell and the FLSA Collective the correct prevailing wages for their work on public works projects (and therefore the correct overtime rate for weeks in which public works and overtime was worked, see 29 C.F.R. § 778.5).

79. Defendant employs many individuals who comprise the FLSA Collective. These similarly situated employees may be readily notified of this action through U.S. mail, email, and/or other appropriate means, and allowed to opt into this action pursuant to 29 U.S.C. § 216(b), for the purposes of collectively adjudicating their claims for overtime compensation, overtime gap time, 29 C.F.R. § 778.315, prevailing wage compensation, liquidated damages, and attorneys' fees and costs.

## CLASS ACTION ALLEGATIONS

80. Plaintiff Clausell brings this action against Defendant as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the DE Prevailing Wage Class.

81. The DE Prevailing Wage Class is so numerous that joinder of all members is impracticable.

82. Upon information and belief, there are more than fifty (50) members of the DE Prevailing Wage Class.

83. Plaintiff Clausell will fairly and adequately represent and protect the interests of the DE Prevailing Wage Class because there is no conflict between the claims of Plaintiff Clausell and those of the DE Prevailing Wage Class and Plaintiff Clausell's claims are typical of the claims of the DE Prevailing Wage Class.

84. Plaintiff Clausell's counsel are competent and experienced in litigating labor and employment class actions and other complex labor and employment litigation matters, including wage and hour cases like this one.

85. There are questions of law and fact common to the proposed DE Prevailing Wage Class which predominate over any questions affecting only individual class members, including, without limitation: whether Defendant has violated and continues to violate applicable public

works contractual provisions through its policy or practice of not paying its employees required prevailing wages, at the correct classification for all hours worked on site, and similarly supplemental benefits, and overtime compensation.

86. Plaintiff Clausell's claims are typical of the claims of the DE Prevailing Wage Class in the following ways, without limitation: (a) Plaintiff Clausell is a member of the DE Prevailing Wage Class; (b) Plaintiff Clausell's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the DE Prevailing Wage Class; (c) Plaintiff Clausell's claims are based on the same legal and remedial theories as those of the Prevailing Wage Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff Clausell and the DE Prevailing Wage Class; and (e) the injuries suffered by Plaintiff Clausell are similar to the injuries suffered by the DE Prevailing Wage Class.

87. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the DE Prevailing Wage Class predominate over any questions affecting any single individual.

88. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The DE Prevailing Wage Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the DE Prevailing Wage Class would create the risk of inconsistent or varying

adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

89. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

90. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff Clausell and DE Prevailing Wage Class. Plaintiff Clausell envisions no difficulty in the management of this action as a class action.

## COUNT I

### Violations of the FLSA
### (On Behalf of the FLSA Collective)

91. All previous paragraphs are incorporated as though fully set forth herein.

92. Plaintiff Clausell brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

93. The FLSA requires that covered employees be compensated by their employers for all hours worked, at 150% of their regular hourly rate for all hours worked in excess of 40 in any workweek (the "Overtime Rate"). 29 U.S.C. § 207(a)(1).

94. When an employee, such as Plaintiff, works overtime during a workweek in which they work on projects governed by a state prevailing wage law, the employee's wage rate for prevailing wage work cannot be below the prevailing wage, and the regular rate of pay for overtime purposes is the weighted average of both private and prevailing wage rates, according to the number of hours worked at each rate. 29 CFR §§ 778.5, 778.115.

95. When an employee works more than 40 hours in a week, "extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid." 29 CFR § 778.315. Plaintiff and the FLSA Collective seek unpaid overtime gap time wages (at the minimum prevailing wage rates).

96. Defendant is subject to the wage requirements of the FLSA because it is an "employer" under 29 U.S.C. § 203(d).

97. During all relevant times, Defendant was each engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

98. During all relevant times, Plaintiff Clausell and the FLSA Collective were entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

99. During all relevant times, Plaintiff Clausell and the FLSA Collective were employed by Defendant and were not exempt from overtime compensation.

100. Plaintiff Clausell and the FLSA Collective are entitled to be paid at Overtime Rate for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

101. As a result of Defendant's pay practices, Plaintiff Clausell and the FLSA Collective were not paid the correct overtime wage that is required by 29 U.S.C. § 207.

102. Defendant knowingly failed to compensate Plaintiff Clausell and the FLSA Class at the correct Overtime Rate for all of the hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

103. Defendant failed to make, keep, and preserve records with respect to Plaintiff Clausell and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1).

104. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

105. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, (including gap time and overtime wages), liquidated damages, court costs and attorneys' fees incurred.

## COUNT II

### Violation of the Delaware Prevailing Wage Act
### (On Behalf of the DE Prevailing Wage Class)

106. All previous paragraphs are incorporated as though fully set forth herein.

107. Defendant provided laborers and skilled trades workers for various public works projects in the State of Delaware.

108. Defendant was required to pay Plaintiff Clausell and the DE Prevailing Wage Class at their respective prevailing wage rates for each hour worked upon the site of the public works project.

109. Plaintiff Clausell and the DE Prevailing Wage Class were entitled to be paid at the correct prevailing wage rates for each hour worked upon the site of the public works project.

110. Despite the clearly applicable prevailing wage requirements, Defendant cheated its workers by allocating some of their hours spent working on public works projects to hours reflecting non-prevailing wage work (at much lower rates of pay than the applicable prevailing wage).

111. Defendant failed to pay Plaintiff Clausell and the DE Prevailing Wage Class the correct prevailing wage rate for all of the hours that they were engaged working on the site of the public works projects.

112. Plaintiff Clausell and the DE Prevailing Wage Class are entitled to "treble the difference between the amount so paid and the prevailing wage rate" pursuant to 29 Del. C. § 6960(f), for Defendant's failure to pay the correct prevailing wages on public works projects.

113. Plaintiff Clausell and the DE Prevailing Wage Class are entitled to reasonable attorneys' fees and costs for Defendant's failure to pay the correct prevailing wages on public works projects, pursuant to 29 Del. C. § 6960(f).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Clausell seeks the following relief on behalf of himself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the DE Prevailing Wage Class;

d. Unpaid prevailing wages, unpaid overtime wages, unpaid overtime gap time wages, and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages and penalties to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and,

g. Such other and further relief as this Court deems just and proper.

Dated: <u>December 6, 2024</u>                              Respectfully submitted,

**MORGAN ROOKS, PC**

by: <u>/s/ Franklin J. Rooks Jr.</u>
Franklin J. Rooks, Jr. Esq.
NJ Attorney ID: 023802010
525 Route 73 North, Suite 104
Marlton, NJ 08053
Telephone: (856) 874-8999
Email: fjrooks@morganrooks.com

**GOODLEY MCCARTHY LLC**

James E. Goodley, Esq.
NJ Attorney ID: 048572013
Ryan P. McCarthy, Esq.
NJ Attorney ID:219022016
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiff and the Classes*